UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-97-RLV
(5:12-cr-37-RLV-2)

| | |
|---|---|
| **JOSHUA JACOBY MORRISON,** ) <br> ) <br> **Petitioner,** ) <br> ) <br> vs. ) <br> ) <br> **UNITED STATES OF AMERICA,** ) <br> ) <br> **Respondent.** ) <br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court upon Respondent's motion to hold this action in abeyance. (Doc. 4.) Petitioner is represented by the Federal Defenders of Western North Carolina. According to Respondent's motion, counsel for Petitioner does not object to the request. (Id. at 2.)

On January 4, 2013, Petitioner pleaded guilty to two counts of Conspiracy to Commit Hobbs Act Robbery, in violation of 18 U.S.C. § 1951(a) ("Counts One and Four"); one count of Hobbs Act Robbery, and Aiding and Abetting the Same, in violation of 18 U.S.C. §§ 1951(a) and 2 ("Count Two"); and Possessing and Brandishing a Firearm During and In Relation to a Crime of Violence, and Aiding and Abetting the Same, in violation of 18 U.S.C. §§ 924(c) and 2 ("Count Three"). The Court sentenced Petitioner to 57 months in Counts One, Two, and Four, and 84 months consecutive in Count Three, for an aggregate sentence of 141 months' imprisonment. (Supp. Mot. to Vacate 2, Doc. No. 2.)

On June 9, 2016, Petitioner commenced this action by filing a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 1.) On June 17, 2016,

1

counsel filed a supplemental § 2255 Motion to Vacate.[1]  (Doc. No. 2.)  Petitioner challenges his § 924(c) conviction and sentence, arguing that his predicate offense of Hobbs Act robbery does not qualify as a "crime of violence" under Johnson v. United States, 135 S. Ct. 2551 (2015).  In Johnson, the Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process," but the decision did not address the residual clause under § 924(c)(3)(B).  See id. at 2563.

On December 6, 2016, Respondent filed the instant motion to hold this action in abeyance pending a decision by the Fourth Circuit Court of Appeals in United States v. Ali, No. 15-4433.  (Doc. No. 4.)  In Ali, the Fourth Circuit is considering whether a Hobbs Act robbery, and conspiracy to commit a Hobbs Act robbery, can be considered "crime[s] of violence" under 18 U.S.C. § 924(c)'s residual clause in light of Johnson.  The Fourth Circuit is holding Ali in abeyance pending the Supreme Court's decision in Lynch v. Dimaya, Case No. 15-1498.

For the reasons stated by Respondent, and with Petitioner's consent, the Court concludes that Respondent's motion should be granted.

**IT IS, THEREFORE, ORDERED** that Respondent's motion to hold Petitioner's § 2255 Motion to Vacate in abeyance (Doc. No. 4) is **GRANTED**.

**IT IS FURTHER ORDERED** that the above-captioned action is held in abeyance pending the Fourth Circuit's decision in United States v. Ali, No. 15-4433.  Respondent shall have 60 days from the date the Fourth Circuit issues its decision in Ali to file an answer, motion, or other response to Petitioner's § 2255 Motion to Vacate.

---

[1] Counsel was appointed pursuant to this Court's Administrative Order No. 3:15-MC-196.

**SO ORDERED.**

Signed: December 8, 2016

Richard L. Voorhees
United States District Judge